PEOPLE, PLAINTIFF AND APPELLEE, v. AMBERT, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution
for Violation of Section 162 of the Penal Code.

No. 1196.—Decided November 20, 1917.

ELECTION LAW—REGISTRATION BY MINOR.—A minor who will not be of age on
the date fixed for a general election in this Island but registers as a quali-
fied voter in order to vote in said election, is guilty of the offense defined
and penalized by section 162 of the Penal Code.
ID.—ID.—VOTING.—In order to commit the offense of registering as a voter with-
out being entitled to such registration, it is not necessary that the person so
registering should vote on the day of the election.
ID.—ID.—POSTPONEMENT OF ELECTION.—The plea that the defendant did not com-
mit any offense because he had already reached the age of twenty-one years
when the election which should have been held in this Island on November 7,
1916, was actually held has no merit, because the Act of Congress which
changed the date of said election was enacted after the defendant had regis-
tered, or after he had violated the law knowingly.

The facts are stated in the opinion.
Mr. José de J. Esteves for the appellant.
Mr. Salvador Mestre, fiscal, for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Ignacio Ambert was charged by the district attorney with
having "appeared before the board of registration for the
precinct of Manatí, of the judicial district of Arecibo, P. R.,
on July 3, 1916, and then and there wilfully having caused
his name to be registered in the registry of voters of the
municipality of Manatí, knowing that he was not entitled to
such registration because he would not be twenty-one years
of age or over, as required by law, on the day fixed for hold-
ing general elections in Porto Rico, or November 7, 1916.

The defendant pleaded not guilty and at the trial both
parties admitted "that on the dates referred to in the com-
plaint Ignacio Ambert, the defendant, registered in an elec-
toral precinct of Manatí and that on November 7, 1916, the
day of elections in Porto Rico, he would be twenty years and
nine months of age.

The court found the defendant guilty and sentenced him

to four months' imprisonment in jail, with the costs. From that judgment the present appeal was taken.

There is only one question to be decided in this case. This court has held that a person who registers in the registry of voters without being entitled to do so because on the election day fixed by law he would not be twenty-one years of age, which is the statutory age for voting in Porto Rico, commits the offense defined and penalized by section 162 of the Penal Code. *People* v. *García,* 23 P. R. R. 678. Therefore, as the defendant admits that he would be only twenty years and nine months old on November 7, 1916, it is manifest that he committed the crime charged and of which he was convicted.

But it is alleged that the election day fixed by the law of Porto Rico for November 7, 1916, was changed by an Act of Congress of the United States and that the defendant was of age when the election was held, for which reason he did not commit any offense.

In our opinion the defendant's contention is untenable. The Act of Congress was passed in September, 1916, and the act charged was committed by the defendant on July 3, 1916, when the statute making November 7, 1916, the day of general elections was in full force. The wilful violation of the statute which the statute itself penalizes was fully committed on July 3, 1916. In order to consummate the offense of registering as a voter without being entitled to do so, it is not necessary that the person registering should actually cast his vote on the day of the election. The action of the Congress in postponing the election set for November 7, 1916, was subsequent to the commission of the offense and entirely independent of the will of the defendant.

The appeal must be dismissed and the judgment

*Affirmed.*

Justices Wolf and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.